THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE

RICHARD L. LAMBERT,

          Plaintiff,

v.

THE UNITED STATES, *et al.*

          Defendants.

Civil Action No. 3:15-CV-147

**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO
FILE SUPPLEMENTAL BRIEFING**

1. Defendant Kelley moved to dismiss Plaintiff's sole *Bivens* claim under Rule 12(b)(6) on many grounds, including Plaintiff's failure to plausibly allege a constitutional claim capable of overcoming qualified immunity. *See* Dkt. Nos. 33, 37. Briefing closed on January 11, 2016. *See* Dkt. No. 37.

2. The next day, Plaintiff moved for leave "to file a supplemental brief," "[p]ursuant to Local Rule 7.1(d)," for the purpose of "recit[ing] the evidence which establishes the factual sufficiency and adequacy of his Complaint." Dkt. No. 38 at 1-2. He accuses the government in general of "subterfuge"; "procedural misconduct"; and, puzzlingly, "play[ing] dog-in-the-manger with key evidence." *Id.* at 2-3.[1]

3. The cited Local Rule permits a "supplemental brief" when "developments" have taken place since the moving party's "final brief [wa]s filed." LR 7.1(d); *cf.* Fed. R. Civ. P. 15(d) (allowing courts to, "on just terms," "permit a party to serve a supplemental pleading setting out

---

[1] Plaintiff does not explain what "evidence" he has, how he was able to obtain it in the face of the government's alleged misconduct, or why he opted not to use it in amending his complaint twice or responding to Defendant's Rule 12(b)(6) motion.

1

any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."). However, Plaintiff does not claim that any such events have taken place in the last two days. *See* Dkt. No. 38.

4. A "sur-reply" might be appropriate if Defendant Kelley's Reply had presented any "matters … to the court for the first time," such that Plaintiff would be otherwise "unable to contest" them. *See* 11-56 Moore's Federal Practice – Civil § 56.84. But Plaintiff identifies no such surprises; has already fully responded to Defendant Kelley's arguments regarding pleading sufficiency; and, indeed, has already submitted a lengthy declaration of "facts" that itself was impermissible. *See* Dkt. Nos. 34 at 22-25, 34-1. He is not entitled to an opportunity to "rehash[] arguments previously propounded." *See Chen v. Mayor & City Council of Baltimore*, 292 F.R.D. 288, 295 (D. Md. 2013); *cf.* LR 7.1(c) ("A reply brief shall not be used to reargue … points and authorities[.]").

5. An evidentiary showing made via "supplemental brief," which is not a pleading, could not be properly considered in ruling on the pending motion anyway. *See* Dkt. 37 at 2-3. To the extent that Plaintiff wishes to amend his facially insufficient complaint for yet a third time, then he must follow Rule 15(a).

6. Moreover, evidentiary sufficiency is not at issue, because Defendant Kelley seeks dismissal on the *pleadings*, not summary judgment. *See* Fed. R. Civ. P. 12(b)(6).

7. Whether or not the government as an entity has withheld evidence is also irrelevant to this individual federal employee's motion to dismiss. Plaintiff is not entitled to discovery (of any variety, from any party, *see* Dkt. No. 37 at 18); Defendant Kelley is not the government; and it is Plaintiff's, not Defendant's, burden to properly plead his claim. Indeed, the Supreme Court has

made clear that no discovery should take place before adjudication of Defendant Kelley's entitlement to qualified immunity. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

8. The Supreme Court has also made clear that qualified immunity should be resolved at the earliest possible stage of litigation – in other words, without the undue delay that repetitive, irrelevant briefing would occasion, thereby prejudicing Defendant Kelley. *See id.*

9. Even if this Court were to conclude that, as a general matter, a party's allegedly "unclean hands" could justify granting the leave Plaintiff seeks, Plaintiff attributes none of the alleged wrongdoing (or even knowledge of the wrongdoing) to Defendant Kelley or his *Bivens* counsel, neither of whom would have authority to produce the government documents at issue that, by definition, are not in Kelley's personal custody and control. *See* Dkt. No. 37 at 18..

10. For the foregoing reasons, Defendant Kelley respectfully asks that the Court deny Plaintiff's request, whether construed as one for "supplemental briefing" under LR 7.1(d), "supplemental pleading" under Rule 15(c), or a sur-reply.

Dated: <u>January 13, 2016</u>

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director, Torts Branch, Civil Division

MARY HAMPTON MASON
Senior Trial Counsel, Torts Branch

<u>*s/ Laura K. Smith*</u>
LAURA K. SMITH
Trial Attorney, Torts Branch
U.S. Department of Justice, Civil Division
Constitutional and Specialized Tort Litigation
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
(202) 616-0419 (phone)

(202) 616-4314 (fax)
Laura.smith2@usdoj.gov

ATTORNEYS FOR INDIVIDUAL FEDERAL
DEFENDANT PATRICK KELLEY