UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| **RICHARD LAMBERT,** | ) | | |
| | ) | | |
| *Plaintiff*, | ) | | |
| | ) | | |
| v. | ) | No. | 3:15-cv-00147 |
| | ) | | REEVES/GUYTON |
| **PATRICK KELLEY,** | ) | | |
| | ) | | |
| *Defendant*. | ) | | |

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions. First is Patrick Kelley's motion to dismiss Richard Lambert's claim against him. [D. 33]. Second is Lambert's motion to amend his complaint. [D. 45]. For the following reasons, the motion to dismiss is granted and the motion to amend is denied.

### I

### A

Richard Lambert was an FBI agent 1989–2012. In 2002, he was placed in charge of the FBI's investigation into the post-9/11 anthrax attacks. Lambert found his efforts marked by intransigence, apathy, and error from all sides. He summarized these problems in a July 2006 report that he sent to the FBI's Deputy Director. Lambert left the investigation around that time.

During the investigation, the Government named Steven Hatfill as a person of interest. He responded by suing the Government in D.C. federal court. During discovery, Hatfill's attorney acquired several emails written by Lambert detailing his complaints about the anthrax investigation. And when Hatfill's lawyer deposed Lambert, further complaints came out.

1

Hatfill's attorney then approached CBS about bringing to light the problems with the anthrax investigation. In April 2008, *60 Minutes* aired an episode that used Lambert's emails and deposition testimony to reveal those problems. It led to public and congressional backlash against the FBI.

Lambert kept working for the FBI until he retired in 2012. He soon took a job as Senior Counterintelligence Officer for the Department of Energy Oak Ridge Counterintelligence Field Office. In this role, Lambert acted as the go-between for the FBI and UT-Battelle, the company that runs Oak Ridge National Laboratory. A staggering tangle of laws, regulations, and presidential decrees governed the public-private nature of Lambert's new job.

On November 8, 2012, Lambert received an email from Patrick Kelley, an FBI attorney and ethics official. The email accused Lambert of violating 18 U.S.C. § 207(c), which bars some former federal employees from contacting current ones for a year after leaving their jobs. The email found its way into the hands of the FBI and UT-Battelle. On June 10, 2013, UT-Battelle fired Lambert and his security clearance was revoked. Lambert alleges that the email was retaliation for his role in shedding light on the troubled anthrax investigation.

On April 2, 2015, Lambert filed a four-count complaint against the Attorney General, the FBI Director, the Department of Justice, the FBI, unnamed DOJ and FBI officials, and Patrick Kelley. A five-count amended complaint followed on June 2. This Court dismissed the first four counts in February 2016, leaving only Lambert's *Bivens*[1] action against Kelley.

In November 2015, Kelley filed his motion to dismiss under Rule 12(b)(6). After fully briefing that motion, Lambert moved to amend his complaint.

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) (allowing suits for damages against federal officials in their personal capacities).

2

Case 3:15-cv-00147-PLR-HBG   Document 50   Filed 01/19/17   Page 2 of 9   PageID #: 1062

## II

### A

To survive a motion to dismiss under Rule 12(b)(6), the complaint must state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To determine whether the complaint states a facially plausible claim, the Court takes a two-step approach. *Id.* at 679. First, it separates the complaint's factual allegations from its legal conclusions. All factual allegations, and only the factual allegations, are taken as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

Second, the Court asks whether these factual allegations amount to a plausible claim for relief. *Id.* at 555. The allegations do not need to be highly detailed, but they must do more than simply recite the elements of the offense. *Id.* Specifically, the complaint must plead facts permitting a reasonable inference that the defendant is liable for the alleged conduct. *Id.* If this is not done, the claim will be dismissed. *Id.* at 570.

### B

The Court will not dismiss the claim, however, if the opposing party offers amended pleadings that state a facially plausible claim. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). If this occurs, the court will allow the other party to amend his complaint. *Id.* Conversely, amendment will not be allowed if doing so would be futile. *Id.* So the Court will allow all of Lambert's amendments that withstand Kelley's motion to dismiss. *See Williams v. City of Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014).

# III

## A

Kelley levels five arguments against Lambert's complaint. He first contends that Lambert's *Bivens* claim is barred by the statute of limitations. Kelley argues that Tennessee's one-year statute of limitations applies, and that Lambert filed his suit after that time. Lambert maintains that the District of Columbia's three-year time limit applies, and that he sued within that time.

The Court agrees with Kelley. The statute of limitations for *Bivens* actions comes from state law. *Wallace v. Kato*, 549 U.S. 384, 387 (2007).[2] But there is a dispute over which state's law applies. Lambert, citing Sixth Circuit caselaw, contends that what matters is where the events occurred that underpin the suit. He argues that most of the events underpinning his suit happened in D.C., where Kelley had his office. Kelley counters that Tennessee law applies because that's where the Court sits.

The Court need not resolve this dispute, because the result is the same either way: Tennessee law provides the statute of limitations for Lambert's *Bivens* claim. This follows under Lambert's approach. He relies on *Baker v. Mukasey*, 287 F. App'x 422 (6th Cir. 2008). In *Baker*, the Sixth Circuit stated that the statute of limitations came from "the state where the events giving rise to the claim occurred." *Id.* at 424. Kelley wrote his email from D.C. and emailed it from there. Thus, Lambert concludes, the events giving rise to his *Bivens* claim occurred in D.C.

The analysis, however, actually points the other way. According to *Baker*, Tennessee law applies. There are two elements to any *Bivens* claim: the plaintiff suffers a constitutional deprivation; and the deprivation was caused by someone acting under federal authority. *See, e.g.*, *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014). Kelley may have written his email in D.C. and

---

[2] *Wallace* concerned a claim not under *Bivens* but rather under 42 U.S.C. § 1983. *See Wallace*, 549 U.S. at 387. The two, however, are subject to the same statute of limitations. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005).

4

sent it from there. But that goes only to the second *Bivens* element. By contrast, Lambert suffered his constitutional deprivation in Tennessee. Lambert also sued in Tennessee. Thus, under *Baker*, Tennessee provides the statute of limitations for Lambert's *Bivens* action.

The same result follows if one looks at the content of Lambert's claim. He's asserting not just a *Bivens* claim, but a claim that Kelley violated his Fifth Amendment right to procedural due process.[3] To prove his case, Lambert must show that (1) he had an interest protected by the Due Process Clause; (2) Kelley interfered with that interest; and (3) proper procedural protections did not precede Kelley's interference. *See, e.g.*, *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Lambert's interest in his job was located in Tennessee. And the process that Lambert demands has no geographic aspect. Finally, Kelley's interference with Lambert's job happened in both D.C. and Tennessee: Kelley acted in D.C, but the interference happened in Tennessee. Under *Baker*, Tennessee law provides the statute of limitations for Lambert's *Baker* claim.

Lambert cites two other cases, but neither changes the outcome. First is *Haggard v. Stevens*, No. 2:09-cv-1144, 2010 WL 3658809 (S.D. Ohio Sept. 14, 2010). In *Haggard*, two plaintiffs owned a bank together. *Id.* at *7. They brought a *Bivens* action against John Stevens, a former attorney with the Federal Deposit Insurance Corporation. *Id.* at *1. They claimed that Stevens retaliated against them for suing him in another case. *Id.* When Stevens died, the plaintiffs moved to substitute his estate as defendant. *Id.*

---

[3] In various places, Lambert asserts that his *Bivens* claim invokes procedural due process, substantive due process, equal protection, and free expression. The complaint, however, alleges only violations of procedural due process. Some of the other constitutional rights are discussed in Lambert's pleadings, while others are expressly cited in his proposed amended complaint. As explained below, however, the amended complaint will not be allowed. Lambert has therefore actually alleged only a violation of his right to procedural due process.

5

The court denied the motion. *Id.* at *11. To reach this holding, the court had to decide whether Illinois, Michigan, or Ohio law supplied the statute of limitations. *Id.* at *7–8. It applied *Baker* and ruled that the Ohio statute of limitations governed. *Id.* at *7. The court noted that the bank's principal place of business was in Ohio; that one plaintiff was its sole shareholder and the other was its chairman; and that the prior suit had been brought in Ohio. *Id.* On these facts, Ohio law controlled.

This case is different from *Haggard*. In *Haggard*, all the events giving rise to the plaintiffs' *Bivens* action happened in Ohio. By contrast, the facts here are split between D.C. and Tennessee. And on balance, Tennessee law supplies the statute of limitations.

Lambert also cites *Steen v. Murray*, 919 F. Supp. 2d 993 (S.D. Iowa 2013). But *Steen* was concerned with venue. *See id.* at 996. As Lambert recognized in his response, which venue is proper is distinct from which state's law fills the gaps in *Bivens* suits. *Steen* has no bearing on this case. Under *Baker*, Tennessee law provides the statute of limitations for Lambert's suit.

Kelley, for his part, cites no on-point binding caselaw. But binding law does support his argument. The Supreme Court has noted that, with several aspects of § 1983 and *Bivens* suits, "federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). This suit was filed in Tennessee, and so arose in Tennessee. *See id.* Its statute of limitations applies to Lambert's *Bivens* claim.

## B

In Tennessee, a plaintiff must file his *Bivens* claim within one year after the action accrues. TENN. CODE ANN. 28-3-104(a)(1)(B). But it is unclear what "accrue" means. Lambert contends that an action accrues when the plaintiff knows or should know of his injury and who did it. Kelley argues that the plaintiff need only know of his injury; he need not know who did it.

Kelley's argument convinces the Court. Lambert's argument turns wholly on *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389 (6th Cir. 2015). In *Abdullah*, the Sixth Circuit stated that when the plaintiff knows "' he has been hurt and who has inflicted the injury,' the claim accrues." *Id.* at 393 (quoting *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). *Abdullah*, however, has since been expressly rejected by the Sixth Circuit. *See Ruiz-Bueno v. Maxim Healthcare Servs., Inc.*, ____ F. App'x ____, 2016 WL 4473238, at *3 (6th Cir. Aug. 25, 2016). The Court will likewise reject it.

What's more, the *Abdullah* rule would upturn the law of suing unnamed defendants. If a claim did not accrue until the plaintiff knew the defendant's identity, then statutes of limitations could never run against unnamed defendants. But, in fact, they do run against them. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). Because the Sixth Circuit has rejected *Abdullah* and because it contradicts well-settled law, the Court will not apply it.

Kelley argues that a plaintiff need not know a defendant's identity for a claim to accrue. Instead, it accrues once the plaintiff knows or should know of his injury. This position has the backing of many Sixth Circuit opinions. *See Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) (collecting cases). And it's consistent with the law of suing unnamed defendants. A *Bivens* cause of action accrues when the plaintiff knows or should know that he has been hurt. Lambert had one year from this point to sue.

7

## C

Lambert did not meet this deadline. He contends that his claim accrued in January 2014, while Kelley maintains that it accrued when Lambert was fired on June 10, 2013. But Lambert brought his suit on April 2, 2015—more than a year after either date. Lambert's *Bivens* claim is barred by Tennessee's statute of limitations.

## IV

That leaves Lambert's motion to amend his complaint. The new complaint would include all five Counts that were in the original one. Counts 1–4, however, were already dismissed. And the fifth one is time barred. Because of this, the motion is denied.

Lambert cannot amend his complaint to include Counts 1–4. Amendments will be rejected if they would be futile. *Foman*, 371 U.S. at 182. The Court has ruled that it lacked jurisdiction to hear the three claims brought under the Federal Tort Claims Act. Lambert had sued under the FTCA for defamation and misrepresentation. These torts, though, are expressly not covered by the FTCA. 28 U.S.C. § 2680(h). And Lambert's new complaint does not fix these flaws.

The Court also dismissed the fourth Count, ruling that Lambert failed to state a claim. The amended complaint does not fix this. As a result, it would be futile for Lambert to amend Counts 1–4. *See Zundel v. Mukasey*, No. 3:03-cv-105, 2009 WL 3785093 (E.D. Tenn. Nov. 10, 2009) (Varlan, C.J.) (denying motion to amend because it did not fix errors with subject-matter jurisdiction and with failure to state a claim).

Count 5 is Lambert's *Bivens* claim against Kelley. Because the statute of limitations bars this claim, it cannot be amended. *See Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 574 (6th Cir. 2010). It would thus be futile for Lambert to amend any of the Counts in his complaint. His motion to amend is denied.

## V

Lambert's *Bivens* claim is time barred and amendment would be futile. As a result, the Court must dismiss it. Lambert asks the Court to dismiss his claim without prejudice, so that he can refile in D.C. federal court. Kelley asserts that the claim is meritless and should be dismissed with prejudice.

Lambert's *Bivens* claim must be dismissed with prejudice, but not for the reasons Kelley offers. Instead, it must be dismissed because it is also time barred in D.C. If a suit is dismissed without prejudice in D.C. federal court, the statute of limitations is treated as if the suit had never been filed. *Ciralsky v. CIA*, 355 F.3d 661, 672 (D.C. Cir. 2004). The District's statute of limitations for *Bivens* claims is three years. D.C. CODE § 12-301(8); *Sykes v. U.S. Attorney*, 770 F. Supp. 2d 152, 155 (D.D.C. 2011). Lambert would thus have to refile his claim in D.C. federal court within three years after his claim accrued.

Lambert would be unable to do so. As explained above in Part III.B, Lambert's action accrued once he knew of his injury. He was injured by being fired on June 10, 2013. More than three years has passed since then. There would be no point in dismissing Lambert's claim without prejudice.

## VI

For these reasons, Kelley's motion to dismiss is **GRANTED** and Lambert's motion to amend is **DENIED**. Count 5 of the complaint is **DISMISSED with prejudice**. Because Count 5 was the last remaining Count, this case is **DISMISSED**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**